United States District Court
Southern District of New York
------------------------------------------------------x

Alpha Capital Anstalt,

                            Plaintiff,                    19 CV 6199 (PGG)

                v.
                                                          Amended Complaint
Shiftpixy, Inc.,

                            Defendant.

------------------------------------------------------x


        Plaintiff Alpha Capital Anstalt, by its attorneys, for its Amended Complaint herein,

respectfully alleges:


the parties


        1.  Plaintiff Alpha Capital Anstalt ("Alpha Capital") is a Liechtenstein entity with its

principal place of business in Vaduz, Liechtenstein.


        2.  Defendant Shiftpixy, Inc. (SFTY") is a Wyoming corporation with its principal place

of business in Irvine, California.

jurisdiction and venue

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of a state and citizens of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.   Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is the subject of the action is situated and it is the exclusive district in which SFTY agreed that the claims hereafter set forth can be brought.

facts common to all claims

5.   On or about March 12, 2019, Alpha Capital purchased a Senior Convertible Note (the "Note") from SFTY in the original principal amount of $1,266,667. Alpha Capital purchased the Note pursuant to a Securities Purchase Agreement ("SPA") between SFTY and the investors, including Alpha Capital, who purchased SFTY notes and warrants in March 2019.

6.   Under the terms of the Note Alpha Capital has the right to convert all or any portion of the Note, from time to time, into SFTY common stock. Such conversions would reduce the amount otherwise owed to Alpha Capital under the Note. Thus Section 3(a) of the Note provides:

(a) Conversion Right. Subject to the provisions of Section 3(d), at any time or times on or after the Issuance Date, the Holder shall be entitled to convert any portion of the outstanding and unpaid Conversion Amount (as defined below) into validly issued, fully paid and non-assessable shares of Common Stock in accordance with Section 3(c), at the Conversion Rate (as defined below).

7.  On May 16, 2019, May 29, 2019, May 30, 2019 and June 3, 2019, Alpha Capital duly submitted conversion notices to convert portions of the Note into stock. SFTY honored those conversion notices and delivered shares of stock to Alpha Capital in accordance with the conversion notices.

8.  On June 20, 2019, Alpha Capital, in accordance with the terms of the Note, submitted another conversion notice to convert $310,000 of the principal of the Note into one million shares of SFTY common stock at the applicable conversion rate of $0.31 per share. Without excuse or justification, and without disputing any aspect of the conversion notice, SFTY has simply refused to honor the conversion request.

9.  Indeed, in an 8K filed on June 27, 2019, SFTY admitted that stated that it will no longer honor conversions of the Note or any of the other senior convertible notes issued to other investors in March 2019 and in a previous December 2018 notes offering. In that filing SFTY stated:

> The Company has informed its convertible note holders that it will cease honoring conversion requests of the 2018 Notes and 2019 Notes forcing a voluntary default of these instruments.

3

SFTY has, therefore, admittedly defaulted on the Note and defaulted on its obligation to deliver the one million shares of common stock to Alpha Capital.

10.  SFTY agreed in the Note that Alpha Capital would be entitled to preliminary injunctive relief in the event SFTY defaulted in its obligations thereunder. Thus ¶18 of the Note provides, in relevant part:

> The Company acknowledges that a breach by it of its obligations hereunder will cause irreparable harm to the Holder and that the remedy at law for any such breach may be inadequate. The Company therefore agrees that, in the event of any such breach or threatened breach, the Holder shall be entitled, in addition to all other available remedies, to specific performance and/or temporary, preliminary and permanent injunctive or other equitable relief from any court of competent jurisdiction in any such case without the necessity of proving actual damages and without posting a bond or other security.

11.  SFTY has disclosed that it had received communications from NASDAQ indicating that SFTY no longer meets the qualifications for listing on the NASDAQ. Thus in its Form 8K filed on June 11, 2019 SFTY stated:

> item 3.01.  Notice of Delisting or Failure to Satisfy a Continued Listing Rule
> On June 6, 2019, ShiftPixy, Inc. (the "Company") received two letters from the staff of the Listing Qualification Department (the "Staff") of the NASDAQ Stock Market LLC ("NASDAQ"), which notified the Company that (1) for the previous 30 consecutive business days, the bid price for the Company's common stock had closed below the minimum $1.00 per share requirement for continued listing on the NASDAQ Capital Market under NASDAQ's Listing Rule 5550(a)(2), which requires a minimum bid price of $1.00 per share (the "Minimum Bid Price

Requirement") and (2) that it is no longer in compliance with the
Minimum Market Value of Listed Securities (the "MVLS") of
$35,000,000 requirement for continued listing on the NASDAQ
Capital Market under NASDAQ's Listing Rule 5550(b)(2) (the
"MVLS Requirement").

Thus there is a substantial risk that there may no longer be a public market upon which Alpha

Capital can sell the shares which it is entitled to receive from SFTY.


    12.  The ability  to convert the Note into SFTY common stock at a discount to the market

price and thereafter sell the stock on the public market was, to Alpha Capital, a very important

provision of the Note. Alpha Capital would not have purchased the Note from SFTY simply to

earn interest thereon. SFTY was a highly risky investment. SFTY is a company with negative net

worth which had accrued substantial losses and was continuing to suffer substantial losses. There

was a substantial risk that SFTY would likely be unable to repay principal and interest at

maturity of the Note. Thus, Alpha Capital always intended to recoup and profit on its investment

in SFTY by converting the Note at a discount to the then market price and selling the common

stock received upon conversion on the public market. The likely disappearance of a public

market for SFTY stock would make it impossible for Alpha Capital to recoup and profit upon its

investment, as agreed by the parties.


    13.  Alpha Capital will likely have difficulty proving its damages in this case. SFTY

common stock has declined from approximately $1.64 when Alpha Capital purchased the Note

on March 11, 2019 to $0.49 on June 28, 2019. When Alpha Capital would have sold the common

stock which it did not receive from SFTY upon SFTY's failure to honor an admittedly proper

conversion notice will be extremely difficult to prove.


14.  It is unlikely that Alpha Capital will collect on any ultimate judgment in this case

because SFTY will likely be unable to satisfy any money judgment. In its most recently filed

financial statements, SFTY itself admits that there is substantial doubt that it will exist as a going

concern for the next year. Thus SFTY reports in its Form 10Q filed on April 15, 2019:

> Note 3: Going Concern
> As of February 28, 2019, the Company had cash of $1.8 million
> and a working capital deficiency of $10.5 million. During the six
> months ended February 28, 2019, the Company used
> approximately $14k of cash in its operations, of which $0.7 million
> was attributed to the mobile application development costs. The
> Company has incurred recurring losses resulting in an accumulated
> deficit of $28.3 million as of February 28, 2019. **These conditions
> raise substantial doubt as to its ability to continue as going
> concern within one year from issuance date of the financial
> statements**. (Bold added)


15.  SFTY's financial statements report, as of February 28, 2019, a negative net worth of

$5.25 million. They also report current liabilities of $20.9 million, more than double its reported

current assets of $10.4 million. Thus it is impossible for SFTY to pay its debts as they become

due. The fact that SFTY has admittedly defaulted under its 2018 and 2019 Notes, which adds an

immediate liability to pay $6.8 million and makes it further unlikely that Alpha Capital will

recover on any judgment after trial.

First Claim for Relief
breach of contract
relief sought - preliminary and permanent injunction

16. Alpha Capital realleges paragraphs 1 through 15.

17. SFTY has defaulted under the terms of the Note both by failing to deliver one million shares of its common stock pursuant to the June 20 conversion notice and by announcing that it would not honor any future conversion requests.

18. Alpha Capital has no adequate remedy at law.

19. As set forth in paragraphs 10 through 15, absent the award of injunctive relief, Alpha Capital will suffer irreparable harm.

20. As a result of SFTY's breach of the Note, Alpha Capital is entitled to an order: i) preliminarily and permanently ordering SFTY to deliver immediately to Alpha Capital one million shares of its common stock; and ii) directing SFTY to honor all future conversion requests by Alpha Capital duly submitted in accordance with the terms of the Note.

<u>Second Claim for Relief</u>
breach of contract
relief sought - damages

21. Alpha Capital realleges paragraphs 1 though 15.

22. As a result of SFTY's breach of its obligations under the Note, Alpha Capital has suffered damages in an amount to be determined at trial.

<u>Third Claim for Relief</u>
anticipatory breach of contract
relief sought - order directing compliance with future conversion requests

23. Alpha Capital realleges paragraphs 1 through 15 and 18.

24. SFTY's public announcement that it would no longer honor future requests to convert the Note constitutes an anticipatory breach of the Note on SFTY's part.

25. As a result of such anticipatory breach of contract, and Alpha Capital's lack of an adequate remedy at law, Alpha Capital is entitled to an order directing SFTY to comply with all future conversion requests duly submitted by Alpha Capital in accordance with the terms of the Note.

Fourth Claim for Relief
anticipatory breach of contract
relief sought - damages

26.  Alpha Capital realleges paragraphs 1 through 15 and 24.

27  As a result of such anticipatory breach of contract, Alpha Capital has suffered

damages in an amount to be determined at trial.

Fifth Claim for Relief
conversion
relief sought - injunction directing delivery of stock

28. Alpha Capital realleges paragraphs 1 through 15.

29. Alpha Capital has a right, superior to any right of SFTY, to possess the shares of

stock which SFTY failed to deliver upon Alpha Capital's partial conversion of the Note.

30.  As a result of SFTY's failure to deliver the shares of stock which it was obligated to

deliver under the terms of the Note, SFTY has converted such shares.

31.  As a result of SFTY's failure to deliver such shares of stock, Alpha Capital is entitled

to an order directing SFTY to deliver immediately to Alpha Capital one million shares of its

common stock.

9

<u>Sixth Claim for Relief</u>
conversion
relief sought - damages

32.    Alpha Capital realleges paragraphs 1 through 15, 29 and 30.


33.  As a result of SFTY's failure to deliver such shares of stock, Alpha Capital is entitled to damages in an amount to be determined at trial.


<u>Seventh Claim for Relief</u>
attorneys fees

34.  In accordance with ¶19 of the Note, Alpha Capital is entitled to reimbursement of its attorneys fees and other costs and expenses incurred in the prosecution of this action, such amounts to be determined after trial.


Wherefore, Plaintiff Alpha Capital Anstalt demands judgment against Defendant Shiftpixy, Inc. as follows:


i) on the First and Third Claims for Relief, for an order: i) preliminarily and permanently ordering SFTY to deliver immediately to Alpha Capital one million shares of its common stock; and ii) directing SFTY to honor all future conversion requests by Alpha Capital duly submitted in accordance with the terms of the Note; and

ii) on the Second, Fourth and Sixth Claims for Relief, for damages in an amount to be determined at trial; and

iii) on the Fifth Claim for Relief, for an order directing SFTY to deliver immediately to Alpha Capital one million shares of its common stock.; and

iv) on the Seventh Claim for Relief, for reimbursement of attorneys' fees and other costs and expenses incurred by Alpha Capital in the prosecution of this action; and

v) on all Claims for Relief, for interest and the costs and disbursements of this action; and

vi) for such other, further and different relief as the Court deems just and proper.

Law Offices of Kenneth A. Zitter

By_____
        Kenneth A. Zitter
Attorneys for Plaintiff Alpha Capital Anstalt
260 Madison Avenue, 18th Floor
New York, NY 10016
212-532-8000
KAZ-3195