LAW OFFICES
# KENNETH A. ZITTER
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000

**MEMO ENDORSED**

July 30, 2019

Honorable Paul G. Gardephe
United States District Judge
United States District Courthouse
40 Foley Square - Room 2204
New York, New York 10007

Re: Alpha Capital Anstalt v. Shiftpixy, Inc.
19 CV 6199 (PGG)

Dear Judge Gardephe:

I represent Plaintiff Alpha Capital Anstalt ("Alpha Capital Anstalt") in the captioned matter. I write pursuant to Your Honor's directive at the Court hearing on July 24 that in the event the parties could not agree upon a schedule for expedited discovery, each party should submit its scheduling proposal to the Court. It is clear that the parties have very different ideas about what constitutes expedited discovery.

Although the Court denied Alpha Capital's motion for a preliminary injunction, the Court noted in directing expedited discovery that there did not appear to be any defense to Alpha Capital's claims. Defendant Shiftpixy, Inc. ("Shiftpixy") admitted that it breached the terms of the Convertible Note when it failed to deliver stock to Alpha Capital pursuant Alpha Capital's conversion request. Although Shiftpixy stated that it intended to bring a claim for market manipulation against Alpha Capital, it provided no factual basis to support any such claim, as the Court noted.

Since the hearing, Alpha Capital has produced all of its trading records to Shiftpixy. Although immediately after the hearing I requested Shiftpixy to submit a list of whatever other documents it wanted in connection with Alpha Capital's trading in Shiftpixy stock, I have not heard back from Shiftpixy. I informed Shiftpixy that Alpha Capital would produce such documents immediately and was ready to appear for a deposition any time thereafter.

In connection with setting an expedited schedule, the Court should be aware that since the hearing Alpha Capital has filed an Amended Complaint which is identical in all respects to the original Complaint except that it alleges a claim for conversion as an additional legal theory upon which Alpha Capital seeks recovery. Also, Shiftpixy has agreed to answer the Amended Complaint by August 2, 2019.

In light of the foregoing, Alpha Capital respectfully submits the following proposed schedule: Shiftpixy to answer the Amended Complaint and serve any document demand by

---

**Handwritten endorsement:**

The schedule suggested by Plaintiff is adopted by the Court. Although Defendant contends (Dkt. No. 16) that four months are necessary for discovery, Defendant does not explain in any fashion what discovery is necessary. As discussed at the preliminary injunction hearing, this appears to be a straightforward breach of contract action. Given this context, Defendant has not shown that the discovery period proposed by Plaintiff is unreasonable. As to the hearing proposed by Plaintiff, no explanation is provided as to what the hearing would consist of. The Court will conduct a conference on August 28, 2019 at 10:30 to discuss next steps after the closing of discovery, which will take place on August 27, 2019.

SO ORDERED:

/s/ Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.

Dated: July 31, 2019

August 2, 2019. Alpha Capital to respond to the document demand and produce documents by August 9. Alpha Capital's deposition to be taken on a mutually agreed upon date during the week of August 12 or August 19. Although the Court suggested that the parties agree upon a motion schedule, I respectfully submit, subject, of course, to the Court's discretion, that the Court instead set a hearing date either at the end of August or early in September rather than have the parties engage in motion practice. The Court can then award appropriate relief. The hearing will likely take very little time and will avoid the expense to the parties, the additional utilization of judicial resources and the delay inherent in any motion practice.

Alpha Capital fully expects Shiftpixy to assert that such an expedited schedule gives it insufficient time to prove its market manipulation claim. But unless Shiftpixy can substantiate any basis for any such, there is no reason to delay Alpha Capital's recovery in what appears to Alpha Capital as an attempt by Shiftpixy simply to buy time. I have proposed to Shiftpixy that it deliver immediately the 1 million shares which it owes to Alpha Capital and agree to honor all of Alpha Capital's future duly submitted conversion requests. Alpha Capital, in turn, would agree to put all proceeds of its sales of all such stock in its attorneys' escrow account, pending further order of the Court. In that way Shiftpixy is completely protected during the course of the litigation and Alpha Capital is not at risk that it will never recover, because of Shiftpixy's very weak financial circumstances, on admittedly valid claims, while Shiftpixy fishes for a defense. Alpha Capital would then agree to any discovery schedule suggested by Shiftpixy and acceptable to the Court. Shiftpixy has not responded to that proposal. We respectfully submit that the Court should consider entering such an order in lieu of expedited discovery.

Although I do not believe it will be relevant, I have had long standing pre-paid plans to be out of the country during the entire month of October. Hopefully this matter will have been fully resolved well before October.

Respectfully submitted,

Kenneth A. Zitter

KAZ/nr

Enc.