UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ALPHA CAPITAL ANSTALT, | : | |
| Plaintiff and Counter-Defendant, | : | 19 Civ. 6199 (PGG) |
| - against - | : | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO |
| SHIFTPIXY, INC., | : | AMENDED COMPLAINT; COUNTER-PLAINTIFF'S |
| Defendant and Counter-Plaintiff. | : | <u>COUNTERCLAIM</u> |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy"), by its attorneys identified below, for its answer and affirmative defenses ("answer") to the amended complaint (the "amended complaint") of plaintiff and counter-defendant Alpha Capital Anstalt ("Alpha") states as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the amended complaint.

2. Admits the truth of the allegations contained in paragraph "2" of the amended complaint.

3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the amended complaint, except admits those allegations that rely upon the place of citizenship of ShiftPixy and admits that plaintiff alleges that subject matter jurisdiction over this action rests upon 28 U.S.C. § 1331(a)(2).

4. Admits the truth of the allegations contained in paragraph "4" of the amended complaint insofar as such allegations relate to contractual choice of forum, and

otherwise denies having knowledge or information sufficient to form a belief as to the truth of those allegations.

   5. Admits the truth of the allegations contained in paragraph "5" of the amended complaint, and respectfully refers the Court to the cited instruments for their full content and legal effect.

   6. Denies the truth of the allegations contained in paragraph "6" of the amended complaint, respectfully refers the Court to the cited instrument for its full content and legal effect, and admits that plaintiff has correctly quoted Section 3(a) of such instrument.

   7. Admits the truth of the allegations contained in paragraph 7" of the amended complaint, and respectfully refers the Court to the notices identified there for their full content and legal effect.

   8. Denies the truth of the allegations contained in paragraph "8" of the amended complaint.

   9. Denies the truth of the allegations contained in paragraph "9" of the amended complaint, and respectfully refers the Court to the cited filing with the U.S. Securities and Exchange Commission.

   10. Denies the truth of the allegations contained in paragraph "10" of the amended complaint, except admits that Alpha has quoted section 18 of the cited instrument correctly, and respectfully refers the Court to the cited instrument for its full content and legal effect.

   11. Denies the truth of the allegations contained in paragraph "11" of the amended complaint, except admits that Alpha has quoted correctly from the cited filing with the U.S. Securities and Exchange Commission.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the amended complaint.

13. Denies the truth of the allegations contained in paragraph "13" of the amended complaint.

14. Denies the truth of the allegations contained in paragraph "14" of the amended complaint.

15. Denies the truth of the allegations contained in paragraph "15" of the amended complaint.

16. Repeats and realleges its answers to paragraphs "1" through "15" of the amended complaint as if fully set forth at length herein as paragraph "16" of this answer and counterclaim.

17. Denies the truth of the allegations contained in paragraph "17" of the amended complaint.

18. Denies the truth of the allegations contained in paragraph "18" of the amended complaint.

19. Denies the truth of the allegations contained in paragraph "19" of the amended complaint.

20. Denies the truth of the allegations contained in paragraph "20" of the amended complaint.

21. Repeats and realleges its answers to paragraphs "1" through "15" of the amended complaint as if fully set forth at length herein as paragraph "21" of this answer.

22. Denies the truth of the allegations contained in paragraph "22" of the amended complaint.

23. Repeats and realleges its answers to paragraphs "1" through "15" of the amended complaint as if fully set forth at length herein as paragraph "23" of this answer.

24. Denies the truth of the allegations contained in paragraph "24" of the amended complaint.

25. Denies the truth of the allegations contained in paragraph "25" of the amended complaint.

26. Repeats and realleges its answers to paragraphs "1" through "15" and "24" of the amended complaint as if fully set forth at length herein as paragraph "26" of this answer.

27. Denies the truth of the allegations contained in paragraph "27" of the amended complaint.

28. Repeats and realleges its answers to paragraphs "1" through "15" of the amended complaint as if fully set forth at length herein as paragraph "28" of this answer.

29. Denies the truth of the allegations contained in paragraph "29" of the amended complaint.

30. Denies the truth of the allegations contained in paragraph "30" of the amended complaint.

31. Denies the truth of the allegations contained in paragraph "31" of the amended complaint.

32. Repeats and realleges its answers to paragraphs "1" through "15," "29," and "30" of the amended complaint as if fully set forth at length herein as paragraph "32" of this answer.

33. Denies the truth of the allegations contained in paragraph "33" of the amended complaint.

34. Denies the truth of the allegations contained in paragraph "34" of the amended complaint.

## Affirmative Defenses

35. Injunctive relief sought by Alpha is barred by the doctrine of unclean hands.

36. To the extent Alpha engaged in illegal conduct, its claims are barred.

37. To the extent Alpha engaged in fraud, its claims are barred.

38. Alpha's claims are barred by payment.

39. Alpha's claims are barred by failure of consideration.

## COUNTERCLAIM

As and for its counterclaim against plaintiff and counter-defendant Alpha Capital Anstalt ("Alpha"), defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy") alleges:

## Jurisdiction

1. The subject matter jurisdiction of this Court rests upon 28 U.S.C. § 1331(a)(2) and 28 U.S.C. § 1367 in that the parties are citizens of a foreign state and of a State, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, all as hereinafter more fully appears.

## Parties

2. ShiftPixy is a corporation duly organized and existing under the laws of the State of Wyoming and having its principal place of business in Irvine, California.

3.     Alpha is an "anstalt" organized under the laws of the Nation of Lichtenstein and having its principal place of business in Vaduz, Lichtenstein.

**Factual Allegations Common to All Claims for Relief of the Counterclaim**

4.     ShiftPixy is an early stage technology-based specialized staffing and human capital management service provider that offers solutions for large contingent part-time workforce demands, primarily in the restaurant, hospitality and maintenance service trades.

5.     Alpha is a Lichtenstein investment vehicle whose sole business activity is investing in and trading in securities.

6.     ShiftPixy is a publicly-held company; ShiftPixy's shares are listed and trade on the NASDAQ stock exchange.

7.     In June 2018 ShiftPixy sold a senior secured convertible note to Alpha in the principal amount of $2,250,000 (the "June 2018 Note") with an issuance date of June 4, 2018.  (A copy of the June 2018 Note is filed herewith and annexed hereto as Exhibit A.)

8.     In March 2019 ShiftPixy sold a senior secured convertible note to Alpha in the principal amount of $1,266,666.67 (the "March 2019 Note").  (A copy of the March 2019 Note is filed herewith and annexed hereto as Exhibit B.)  (The June 2018 Note and the March 2019 Note are each individually referred to here as a Note and together are referred to as the "Notes.")

9.     Both the Notes were purchased at a price discounted to its principal amount.  In the case of the June 2018 Note, the discounted amount was $2,025,000.  In the case of the March 2019 Note, the discounted amount was $1,000,000.

10.    The June 2018 Note matures September 4, 2019 and the March 2019 Note matures September 21, 2020.

11. The June 2018 Note bears interest at the rate of 8% (eight percent) per annum.

12. The March 2019 Note does not bear interest by reason of size of the discount in the purchase price of the note.

13. At the time it sold the Notes to Alpha, and on identical terms, ShiftPixy also sold senior secured convertible notes to other investors, to wit, CVI Investments, Inc.; Dominion Capital LLC; MEF I, L.P.; and Osher Capital Partners, LLC, and with respect to the June 2018 Note, to one other investor.

14. As a result of certain technical defaults under the June 2018 Note, ShiftPixy entered into an agreement with Alpha and the other investors pursuant to which ShiftPixy issued to each an 8% senior secured convertible note in the principal amount of $888,888 (the "December 2018 Notes").  The December Notes have identical terms to the June 2018 Notes.

15. The aggregate initial principal balance under the June 2018 Notes (to all investors including Alpha) was $10,000,000.

16. The aggregate initial principal balance under the December 2018 Notes (to all investors including Alpha) was $888,888.88.)

17. Generally, the unpaid principal amount of a Note, together with accrued interest (and an additional amount called a "Make Whole Amount"), was convertible, on demand of the noteholder, into common shares of ShiftPixy at a price calculated under the express terms and conditions thereof (the "conversion price").

18. Under the June 2018 Note, the conversion price is $2.49.  That conversion price is subject to adjustment from and after the maturity date of the Note, September 4, 2019.

19.  Under the March 2019 Note, the conversion price is $1.67, subject to adjustment as provided in the Note.

20.  Alpha has made a series of conversion demands under the June 2018 Note.

21.  With respect to each such demand, Alpha demanded issuance by ShiftPixy of what was represented by Alpha to be the number of shares to which it was entitled under the Note.

22.  In each such case, Alpha made the demand using a conversion price that it purportedly had calculated and that was not applicable at the date of the demand, but was only applicable after the maturity date of the Note.

23.  In response to Alpha's conversion demands, ShiftPixy issued and delivered to Alpha the number of common shares it had demanded.  That number of shares was in excess of the number of shares to which Alpha was entitled and that ShiftPixy was obligated to issue to it.

24.  ShiftPixy only recently discovered that Alpha had used the wrong conversion price in making its demands.

25.  In order to account for the issuance of these excess shares, ShiftPixy was required to incur professional fees and related amounts of money.

26.  ShiftPixy was injured by the issuance and delivery of these excess shares in an amount to be proven herein.  Its damages are no less than the sum of $953,530.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27.  Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "26" of its counterclaim as if fully set forth at length herein as paragraph "27" hereof.

28. Alpha received shares pursuant to its improper demands that it should not have received in conformity with the June 2018 Note.

29. Alpha has sold the ShiftPixy shares it received from its improper and extra-contractual demands on the public market, and has received therefor an amount currently unknown to ShiftPixy, but believed to exceed more than a million dollars.

30. By reason of the foregoing, Alpha has breached the June 2018 Note.

31. ShiftPixy is entitled to recover its damages resulting from that breach, which are believed to be in the amount of $953,530.

32. ShiftPixy's damages are a set-off as against the money damages Alpha seeks in this action, and accordingly reduce those damages if its damages are less than Alpha's damages; to the extent ShiftPixy's damages exceed the damages amounts Alphas has sought in or has received pursuant to this action, or exceed the amounts ShiftPixy was required to repay under the Notes and has in fact repaid, whether by payment of cash or issuance and delivery of its common shares, Alpha must pay ShiftPixy that excess amount.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment)**

33. Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "32" of its counterclaim as if fully set forth at length herein as paragraph "33" hereof.

34. By reason of the foregoing, Alpha has been enriched in a sum equal to the share price of the excess shares issued and transferred as of the date of delivery thereof.

35. This enrichment was at ShiftPixy's expense.

36. Equity and good conscience militate against permitting Alpha to retain this enrichment.

37. ShiftPixy is entitled to recover the amount of this enrichment from Alpha.

WHEREFORE, counter-plaintiff ShiftPixy demands judgment against counter-defendant Alpha in such amount as may be proven in this action, together with pre- and post-judgment interest, the costs and disbursements of this action, ShiftPixy's attorney's fees and costs incurred in connection with this action as provided in the Notes, and awarding it such other and further relief which the Court may deem just and proper in the circumstances.

Dated:  Cornwall-on-Hudson, New York
August 2, 2019

| | |
|---|---|
| KARLINSKY LLC | FITZGERALD YAP KREDITOR LLP |
| 103 Mountain Road | 2 Park Plaza, Suite 850 |
| Cornwall-on-Hudson, New York 12520 | Irvine, California 92614 |
| (646) 437-1430 | (949) 788-8900 |
| Martin E. Karlinsky, Esq. | Michael J. Fitzgerald, Esq. |
| Bonnie H. Walker, Esq. | John C. Clough, Esq. |
| | |
| martin.karlinsky@karlinskyllc.com | mfitzgerald@fyklaw.com |
| bonnie.walker@karlinskyllc.com | jclough@fyklaw.com |

*Attorneys for Defendant and Counter-Plaintiff ShiftPixy, Inc.*