United States District Court
Southern District of New York
-----------------------------------------------------------------X

Alpha Capital Anstalt,

                           Plaintiff,

                                                           19 CV 6199 (PGG)

      v.

Shiftpixy, Inc.,

                           Defendant.
-----------------------------------------------------------------X

Plaintiff's Reply Memorandum Of Law In Support
Of Its Motion For Summary Judgment

Law Offices of Kenneth A. Zitter
Attorneys for Plaintiff
    Alpha Capital Anstalt
260 Madison Avenue - 18th Floor
New York, New York 10016
212-532-8000
KAZ - 3195

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Point 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Alpha Capital Is Entitled To The Requested Injunctive Relief. . . . . . . . . . . . . . . . . . . . . 3

        A.    The Law of the Case Doctrine Does Not Preclude
                Final Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    Alpha Capital Has Established Irreparable Harm. . . . . . . . . . . . . . . . . . . . 7

        C.    None Of SFTY's Other Arguments Preclude
                Granting Final Injunctive Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Table Of Authorities**

*American Civil Liberties Union v. Mukasey,*
534 F.3d 181 (3rd Cir. 2008) .......................................................... 6

*Citibank, N.A. v. Citytrust,* 756 F.2d 273 (2d Cir. 1985) ......................... 5

*Ebay Inc. v. MercExchange LLC,* 547 U.S. 388,
127 S. Ct. 1837, 164 L. Ed.2d 641 (2006) .......................................... 5

*Endo Pharm., Inc. v. Roxane Labs., Inc.,* 2014
U.S. Dist. LEXIS 160832 (S.D.N.Y. Nov. 14, 2014) ............................ 3, 4

*Genentech, Inc. v. Novo Nordisk A/S,*
935 F. Supp. 260 (S.D.N.Y. 1996) .................................................. 4

*Grand River Entertainement Six Nations
Limited v. Pryor,* 481 F.3d 60 (2d Cir. 2007). .................................. 5, 6

*JTH Tax, Inc. v. Sawhney,* 2019 U.S. Dist.
LEXIS 116330 (S.D.N.Y. July 11, 2019) ........................................... 4

*Minard Run Oil. Co. v. United States Forest Service,*
840 F.supp. 2d 642 (W.D. Pa. 2012) ............................................. 5, 6

*Mingoia v. Crescent Wall Sys.,* 2004 U.S.
Dist. LEXIS 16761 (S.D.N.Y. Aug. 20, 2004) ..................................... 6

*Monowize Ltd. v. OZY Media, Inc.,* 2018 U.S.
Dist. LEXIS 86079 (S.D.N.Y. May 22, 2018) ...................................... 5

*Pirtek USA, LLC v. Zaetz,* 408 F. Supp. 2d 81 (D. Conn. 2005) .................. 4

*SEC v. Manor Nursing Centers,* 458 F.2d 1082
(2d Cir. 1982) ........................................................................... 7

*SEC v. R.A. Holman & Co.,* 1963 U.S. Dist.
LEXIS 9819 (S.D.N.Y. June 26, 1963) .............................................. 4

*Singas Famous Pizza Brands Corp. v. N.Y. Advert. LLC,*
2011 U.S. Dist. LEXIS 14524, 2011
WL 497978 (S.D.N.Y. Feb. 10, 2011) ................................................ 4

## Preliminary Statement

Plaintiff Alpha Capital Anstalt ("Alpha Capital") submits this Memorandum of Law in reply to the Memorandum of Law submitted by Defendant Shifypixy, Inc. ("SFTY") and in further support of its motion for summary judgment. No facts are disputed. For the reasons set forth herein and in Alpha Capital's moving papers, the Court should grant summary judgment.

There is no dispute that SFTY breached its obligation to deliver one million shares of stock to Alpha Capital on June 24, 2019, and that the stock on that date and for a month thereafter was selling for at least $0.50 per share. Thus, at a minimum, should the Court refuse to grant equitable relief, the Court should award Alpha Capital judgment in the amount of $500,000 plus interest at the rate of 18% per annum from June 24, 2019 until the entry of judgment. SFTY does not dispute Alpha Capital's entitlement to judgment in that amount. SFTY disputes only Alpha Capital's entitlement to final injunctive relief.

Alpha Capital respectfully submits, however, that the Court should grant final injunctive relief requiring SFTY both: i) to deliver the one million shares immediately; and ii) to honor all future conversion requests duly submitted by Alpha Capital under the terms of the Note. Indeed, SFTY never addresses, let alone contests, Alpha Capital's right to an order directing SFTY to honor future conversion requests by Alpha Capital, at any time and from time to time, converting all or any portion of the remaining $871,000 principal balance of the Note. As is hereafter set forth, Alpha Capital has undisputedly established irreparable harm with respect to future conversion requests because in the absence of the requested equitable relief Alpha Capital would need to start a new lawsuit for each future failure by SFTY to deliver stock upon conversion.

Inexplicably, SFTY asserts that Alpha Capital "brought this action stating only one claim and seeking only injunctive relief - an order directing ShiftPixy to issue shares of its stock to

Alpha based upon Alpha's conversion demand under a convertible note" (DM,[1] p. 1). That is simply untrue.[2] The original Complaint in this action asserts four Claims for Relief which seek injunctive relief and/or damages for SFTY's failure to deliver one million shares of stock pursuant to a Conversion Notice sent on June 20, 2019 and for injunctive relief and/or damages for SFTY's anticipatory breach of contract based upon SFTY's public statements that it would not honor any future conversion requests in violation of Alpha Capital's right to submit conversion requests, at its option, at any time and from time to time, for all or any part of the remaining principal balance on the Note. (See original Complaint, Docket #1).[3]

SFTY also incorrectly states that Alpha Capital "did not, and does not, seek either the contractual remedy of specific performance or a declaratory judgment as to the rights of the parties under the convertible note at issue" (DM, p. 2). That is exactly what Alpha Capital is seeking. Alpha Capital clearly seeks injunctive relief to compel SFTY specifically to perform its obligation to deliver one million shares of stock and, a declaration that SFTY must continue to perform its obligations under the Note by delivering stock pursuant to future conversion notices.

Alpha Capital now seeks final injunctive relief and/or damages, at the conclusion of all discovery. As is hereafter set forth, the Court's determination of the preliminary injunction

---

[1] References to "DM" followed by a page number are references to SFTY's Memorandum of Law in opposition to this motion. References to "PM" followed by a page number are references to Alpha Capital's moving Memorandum of Law in support of this motion.

[2] SFTY repeats this incorrect assertion at DM, p. 13 and note 12 on that page.

[3] Thereafter, Alpha Capital filed an Amended Complaint (Exhibit A to the moving Feuerstein Affirmation) which added claims for conversion. SFTY's statement that the Amended Complaint for the first time added claims for damages (DM, p. 2 ) is simply wrong.

motion does not bar the relief which Alpha Capital seeks.[4]

## Argument

### Point 1

### Alpha Capital Is Entitled To The Requested Injunctive Relief

**A. The Law of the Case Doctrine Does Not Preclude Final Injunctive Relief**

Defendant (DM, p. 8-10) urges the Court to consider the issue of a final injunction a closed issue because the Court has already denied a preliminary injunction in this case. Defendant invokes the "law of the case" doctrine, implying that the Court is foreclosed from using its discretion to order final equitable relief.[5] However, "[i]t is clear that a district court is not bound at trial by its prior conclusions made at the preliminary injunction stage." *Endo Pharm., Inc. v. Roxane Labs., Inc.*, 2014 U.S. Dist. LEXIS 160832, at *5 (S.D.N.Y. Nov. 14, 2014).

---

[4] Once again, SFTY seeks to relate Alpha Capital's and other noteholders' conversion and trading activity in SFTY stock to a decrease in the price of that stock (DM, p. 5-6 and Absher Declaration, ¶7, 8). Presumably SFTY seeks to raise the specter of wrongful trading by Alpha Capital and others thereby justifying its failure to honor its contractual obligation to deliver shares upon conversion. Without a shred of evidence, Absher simply states that the increase in the short interest in SFTY stock in the spring of 2019 was apparently caused by the noteholders' wholesale bailing themselves out of their conversion stock position. SFTY's stock price, according to Absher, increased after SFTY stopped honoring conversion demands in June 2019 presumably because the noteholders could no longer convert their notes and obtain stock. There is no proper evidentiary basis whatsoever to link SFTY's stock price to any trading activities by anyone. SFTY originally stated that it intended to bring a market manipulation claim against Alpha Capital. Alpha Capital produced all its trading records. SFTY brought no such claim. The court should simply ignore Absher's Declaration.

[5] SFTY itself acknowledges that "law of the case" is a discretionary doctrine and merely expresses a general practice (DM, p. 9). It does not preclude the Court, in the context of a permanent injunction motion, from considering whether damages are an adequate remedy or whether Alpha Capital has suffered irreparable harm, despite the finding on the preliminary injunction motion.

3

To the contrary, courts have acknowledged the different circumstances, posture and requirements of preliminary as opposed to final injunctive relief in explaining why a preliminary adjudication does not establish the law of the case. *See Genentech, Inc. v. Novo Nordisk A/S,* 935 F. Supp. 260, 271-72 (S.D.N.Y. 1996)("rulings on tentative and extraordinary relief (such as preliminary injunctions) do not trigger 'law of the case' consequences. This is because such rulings represent, by definition, a preliminary rather than a final adjudication on the merits."); *JTH Tax, Inc. v. Sawhney,* 2019 U.S. Dist. LEXIS 116330, at *14 (S.D.N.Y. July 11, 2019), citing *Pirtek USA, LLC v. Zaetz,* 408 F. Supp. 2d 81, 86 (D. Conn. 2005) (noting that "a denial of [a] preliminary injunction does not mean that [the franchisor] will be unable to enforce the covenant," but simply means that it must do so "at a later stage of the legal proceedings"); *Singas Famous Pizza Brands Corp. v. N.Y. Advert. LLC,* 2011 U.S. Dist. LEXIS 14524, 2011 WL 497978, at *8-9 (S.D.N.Y. Feb. 10, 2011) (agreeing with this logic); *SEC v. R.A. Holman & Co.,* 1963 U.S. Dist. LEXIS 9819, at *6 (S.D.N.Y. June 26, 1963) (denial of preliminary injunction for lack of irreparable harm was "without prejudice, of course" to the determination of a permanent injunction, "for which different criteria apply."); *Endo Pharm,* 2014 U.S Dist LEXIS at *5 ("A court's purpose in granting a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. . . . Thus, the findings of fact and conclusions of law made by a court at the preliminary injunction stage are not binding on that court at trial.") (internal citations omitted).

In this case, Defendant seeks to lock the Court into a determination that final injunctive relief is not warranted by virtue of its assessment that immediate preliminary relief was not justified. However, the preliminary assessment of irreparable harm specifically requires analysis

of whether the harm is so immediate and irreparable such that it cannot be "remedied if a court waits until the end of trial to resolve the harm." *Order at 7, citing Grand River Entertainement Six Nations Limited v. Pryor,* 481 F.3d 60, 66 (2d Cir. 2007). Preliminary injunctions determine whether "there is an urgent need for speedy action to protect a party's rights," *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir. 1985). A determination that this threshold was not met does not in any way restrict the Court in its discretion adequately and equitably to resolve the harm after consideration of the merits.

This point is specifically borne out by the law cited by Alpha Capital noting that "irreparable harm" is not a separate required finding to issue a permanent injunction (PM, p. 5-8). Alpha Capital also set forth in its moving Memorandum of Law why a damages remedy is inadequate (or certainly less adequate) under the circumstances and why equitable relief is the superior remedy (PM, p. 11-13). SFTY never refutes such law. Indeed, *Monowize Ltd. v. OZY Media, Inc.,* 2018 U.S. Dist. LEXIS 86079 (S.D.N.Y. May 22, 2018), relied on by SFTY (DM, p. 7) to support its argument that the court need not address the remaining elements for injunctive relief absent a showing of irreparable harm is a preliminary injunction case, not a final injunction case.[6]

SFTY cites *Minard Run Oil. Co. v. United States Forest Service,* 840 F. Supp. 2d 642, 651 (W.D. Pa. 2012) (DM, p. 10) to support its argument that "law of the case" precludes this

---

[6]Even in *Ebay Inc. v. MercExchange LLC,* 547 U.S. 388, 127 S. Ct. 1837, 164 L. Ed.2d 641 (2006) (DM, p. 6), where the court lists irreparable injury as one of the four elements in a request for a permanent injunction, the court stated, "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." Ultimately no one factor is conclusive. It is the discretion of the court, based upon weighing all the facts and circumstances of the case, which is conclusive.

Court from issuing a permanent injunction.[7] In that case the court deliberately went beyond the scope of determinations necessary for a preliminary injunction ruling to rule on questions of law. That case, therefore, has no relevance to, and is not binding upon, this Court's discretion to issue a permanent injunction after having decided a preliminary injunction motion. In denying the preliminary injunction, this court determined that Alpha Capital did not show it would suffer actual and imminent harm that could not "be remedied if the court waits until the end of the trial to resolve the harm." *Order at 7, citing Grand River Entertainement Six Nations Limited v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (Exhibit I to Feuerstein Affirmation). The parties are now at that potential end of the adjudicative process, with both sides having completed discovery, and the Court may use its discretion in shaping a remedy that adequately and equitably compensates Alpha Capital for all of its losses. Courts have denied preliminary injunctions and thereafter granted final injunctive relief. See *Mingoia v. Crescent Wall Sys.*, 2004 U.S. Dist. LEXIS 16761, at *22 (S.D.N.Y. Aug. 20, 2004) (denying preliminary injunctive relief but granting prospective injunctive relief).

Alpha Capital set forth in its Moving Memorandum of Law that the key matter for determination on a final injunction motion is the adequacy of the legal remedy, not whether or

---

[7] *Minard* holds that when an appellate court, on appeal of a preliminary injunction, goes beyond its analysis that plaintiff is likely to succeed on the merits and "expressly declare[s] its intention to comprehensively and decisively resolve the legal claims presented on appeal so as to facilitate prompt and efficient resolution over" questions of law, those decisions of law establish the law of the case. *Id.*, at 653. In *American Civil Liberties Union v. Mukasey*, 534 F.3d 181 (3rd Cir. 2008) ("ACLU"), relied upon by *Minard*, the appellate court issued a fully considered appellate ruling on an issue of law made on preliminary injunction appeal. It was the scope of the appellate decision that set a foundation for the "possible applicability of the law-of-the-case doctrine." *Id.*

not it suffered irreparable harm. Adequacy, as set forth in Alpha Capital's moving Memorandum of Law (PM, p. 11) is a remedy which is "plain and complete and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity by injunction." Irreparable harm is not a separate element for a permanent injunction (PM, p. 5-8). SFTY does not argue that damages relief in this case meets that test. It does not. The injunction remedy, as set forth in Alpha Capital's moving Memorandum of Law and undisputed by SFTY, protects all of the rights for which Alpha Capital bargained and received and substantially minimizes any risk of collection from an insolvent SFTY.

### B. Alpha Capital Has Established Irreparable Harm

Even if irreparable harm is an indispensable element for granting a final injunction, Alpha Capital has established irreparable harm. It has done so both with respect to its request for an order directing SFTY to deliver stock in response to future conversion requests to convert all, or any part, of the remaining $871,000 principal balance on the Note (Notice of Motion, item "iii", PM, p. 18-19).[8] It has also done so with respect to SFTY's failure to deliver the one million shares of stock on June 24, 2019.

SFTY does not dispute that irreparable harm warranting equitable relief is established if a plaintiff would be required to bring multiple lawsuits in the future to enforce its rights (DM, p. 12-13).[9] SFTY does not contest the holdings to that effect of the cases cited by Alpha Capital in

---

[8]The Court, on the preliminary injunction motion, did not deal with Alpha Capital's request for relief regarding future conversion. Any "law of the case" argument, therefore, does not apply.

[9]Indeed, SFTY notes with approval (DM, p. 11) *SEC v. Manor Nursing Centers*, 485 F.2d 1082, 1101 (2d Cir. 1982) wherein the court stated "[w]e adhere to our well established rule and hold that the SEC has demonstrated the necessity for injunctive relief since there is a reasonable

7

its moving Memorandum of Law (PM, p. 18). Alpha Capital has the right to convert all or any part of the Note, at any time and from time to time, in the future. There is, and can be, no dispute that if injunctive relief is denied Alpha will be compelled to bring a damages lawsuit each time it submits a future conversion notice which SFTY refuses to honor. Alpha Capital, therefore, has established irreparable harm.

Alpha Capital has also established irreparable harm with respect to SFTY's failure to deliver one million shares of stock pursuant to the June 20, 2019 Conversion Notice. First, SFTY does not even deal with, let alone distinguish or contest, the six cases cited by Alpha Capital which, under virtually identical circumstances, found that the plaintiff suffered irreparable harm upon the failure of the issuer to convert its convertible securities (PM, p. 13-17). Although the Court found that SFTY's insolvency and Alpha Capital's inability to calculate damages did not constitute irreparable harm warranting preliminary injunctive relief, on a motion for a final injunction the Court should certainly consider those factors in determining the best and fairest relief to award Alpha Capital.

### C. None Of SFTY's Other Arguments Preclude Granting Final Injunctive Relief

SFTY argues that a contractual provision allowing one party to obtain equitable relief does not bind the court to issue such injunctive relief (DM, p. 15). Alpha Capital does not contend that the Court is so bound. But such a provision demonstrates what the parties agreed was necessary to make Alpha Capital whole in the event SFTY failed to deliver stock and should certainly be a factor influencing the Court to grant the relief.

---

likelihood of future violations." So too, in this case, SFTY will violate the Note in the future because it has stated that it will not honor future conversion requests.

With respect to insolvency, there is no question that SFTY's liabilities exceed its assets and, therefore, it is by definition insolvent. Whether or not such insolvency meets the requirement for irreparable harm for purposes of a preliminary injunction, there can be no question that if all SFTY's creditors attempted to collect their debts, SFTY could not pay them. The fact that Absher asserts that SFTY's financial circumstances are improving does not change the fact that even after such improvement it is insolvent. SFTY takes the position that its accountants' warning about SFTY's ability to remain in business should simply be ignored by the Court. Accountants include such a warning in financial statements only because there is a real risk of that eventuality. SFTY does not contest the appropriateness of Alpha Capital seeking to minimize any risk of collection from an insolvent entity by providing that it could obtain delivery of stock. Stock can be sold on the market quickly. Money judgments are more cumbersome and expensive to enforce. Once again, because of SFTY's insolvency and the increased risk of collecting any damages award, that factor should incline the Court to grant injunctive relief.

The general rule is that damages for breach of contract are measured as of the time of breach. SFTY, therefore, argues, that Alpha Capital did not suffer irreparable harm resulting from its inability to prove when it would have sold the stock it did not receive (DM, p. 16-17). That measure of damages makes sense in a regular case of breach of contract to deliver securities. If the seller does not deliver the stock, the purchaser does not pay for the stock. If the purchaser wants to acquire the stock because he believes the stock will increase in value, he can use the funds he would otherwise have paid to the seller to purchase the stock elsewhere. In this case, Alpha Capital paid for the stock when it purchased the convertible Note in March 2019. If Alpha Capital wanted to obtain the stock it was to have received on June 24, 2019 in anticipation of the

9

stock increasing in value (as it did), it would need to invest further funds to purchase the stock. Alpha Capital sought to protect against that risk by insuring that it would receive stock, and not be relegated to a damages remedy. That is a legitimate economic goal. Once again, this factor should incline the Court to grant the requested injunctive relief.

Finally, SFTY never addresses the public interest aspect of the requested relief.[10] SFTY does not dispute or distinguish the law cited by Alpha Capital (PM, p. 13-14) that public corporations, such as SFTY, should be required to abide by the terms of their publicly held securities, such as the Note. Enforcement of the terms of the Note will encourage Alpha Capital to provide financing to insolvent public companies, such as SFTY, which otherwise may not be able to borrow money or would need to pay more for financing to cover the investor's risk of not obtaining stock. That factor should certainly sway the Court to grant injunctive relief.

## Conclusion

For the foregoing reasons, and for the reasons set forth in Alpha Capital's initial motion papers, the Court should award Alpha Capital all of the requested relief.

Respectfully submitted,
Law Offices of Kenneth A. Zitter

By_____
Kenneth A. Zitter
Attorneys for Plaintiff Alpha Capital Anstalt
260 Madison Avenue, 18th Floor
New York, NY 10016
212-532-8000
KAZ-3195

---

[10] SFTY asserts that this lawsuit seeks redress for a purely private transaction (DM, p. 12). A Court ruling denying injunctive relief, however, will negatively affect the public market for convertible securities because the securities holders will be unable to enforce their rights.