UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHA CAPITAL ANSTALT,

                    Plaintiff,

     v.

SHIFTPIXY, INC.,

                    Defendant.

**ORDER**

19 Civ. 6199 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

          On October 4, 2019, Plaintiff Alpha Capital Anstalt moved for summary

judgment in this breach of contract action against Defendant Shiftpixy, Inc.  (Dkt. No. 30)  On

October 22, 2019, this Court referred the motion for summary judgment to Magistrate Judge

Robert Lehrburger for a Report and Recommendation ("R&R").  (Dkt. No. 38)  Judge

Lehrburger submitted his R&R on November 22, 2019.  (R&R (Dkt. No. 41))  For the reasons

stated below, the R&R will be adopted in its entirety, and Plaintiff's motion for summary

judgment will be granted.

## BACKGROUND

I.     **FACTS**

          Plaintiff is an investment entity organized under the law of Liechtenstein.  (Pltf.

R. 56.1 Stmt. (Dkt. No. 32) ¶ 1)  Defendant is a Wyoming corporation with its principal place of

business in California.  (Id. ¶ 2)

          On March 12, 2019, Plaintiff purchased a Senior Convertible Note (the "Note")

from Defendant in the amount of $1,266,667, pursuant to a Securities Purchase Agreement.  (Id.

¶ 5)  The Note gives Plaintiff the right to convert any portion of the Note to Defendant's common stock.  (Id. ¶ 6)

On May 16, 2019, May 29, 2019, May 30, 2019, and June 3, 2019, Plaintiff submitted conversion requests, which Defendant honored.  (Id. ¶ 7)  On June 20, 2019, Plaintiff submitted its fifth conversion request, asking to convert $310,000 of the Note into one million shares of Defendant's common stock.  (Id. ¶ 8)  To date, Defendant has not honored that request.  (Id.)  In a June 27, 2019 Form 8-K filing, Defendant announced that it would no longer honor conversions of any senior convertible note, including the Note at issue in this action.  (Id. ¶ 9)  Defendant's Form 8-K states that "[t]he Company has informed its convertible note holders that it will cease honoring conversion requests of the 2018 and 2019 Notes forcing a voluntary default of these instruments."  (Id.)

In the Note, Defendant agrees that

> a breach by it of its obligations hereunder will cause irreparable harm to [Plaintiff] and that the remedy at law for any such breach may be inadequate. [Defendant] therefore agrees that, in the event of any such breach or threatened breach, the Holder shall be entitled . . . to specific performance and/or temporary, preliminary, and permanent injunctive . . . relief . . . without posting a bond or other security.

(Id. ¶ 10)

## II.   PROCEDURAL HISTORY

The Complaint was filed on July 3, 2019 (see Cmplt. (Dkt. No. 1)), and the Amended Complaint was filed on July 30, 2019.  (Am. Cmplt. (Dkt. No. 14))  Plaintiff alleges that Defendant breached its obligations under the Note, and that Defendant has also committed an anticipatory breach of the Note.  (Id. ¶¶ 17, 24)

2

In the Complaint, Plaintiff moved for a preliminary injunction directing Defendant to (1) deliver one million shares of its stock to Plaintiff, thereby honoring the June 20, 2019 conversion request; and (2) honor all future conversion requests submitted by Plaintiff under the Note. (Cmplt. (Dkt. No. 1) at 9)[1]  On July 25, 2019, this Court denied Plaintiff's motion for a preliminary injunction. (Dkt. No. 12)  On August 2, 2019, Defendant filed counterclaims for breach of contract and unjust enrichment in connection with Plaintiff's alleged receipt and subsequent sale of Defendant's shares. (Dkt. No. 20)

On October 4, 2019, Plaintiff moved for summary judgment on its breach of contract claim and on Defendant's counterclaims.  Plaintiff seeks an order directing Defendant to deliver to Plaintiff one million shares of its common stock, and requiring Plaintiff to honor all future conversion requests submitted by Plaintiff in accordance with the Note.  In the alternative, Plaintiff seeks a damages award of $500,000 plus interest. (Dkt. No. 30)

As noted above, on October 22, 2019, this Court referred Plaintiff's motion to Magistrate Judge Lehrburger for an R&R. (Dkt. No. 38)

On November 22, 2019, Judge Lehrburger issued a thorough 25-page R&R. (R&R (Dkt. No. 41))  Judge Lehrburger recommends granting Plaintiff summary judgment on its breach of contract and anticipatory repudiation claims, and on Defendant's counterclaims. (Id. at 24-25)  Judge Lehrburger further recommends that Plaintiff be awarded $500,000 in damages plus 18% contractual interest, and that Plaintiff's motion for a permanent injunction be denied. (Id. at 24-25)  Neither side has filed objections to the R&R.

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file timely objections will preclude appellate review." (R&R (Dkt. No. 38) at 25; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

4

recommendations.")) Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Lehrburger's R&R.

Because neither side filed objections to Judge Lehrburger's R&R, the parties have waived judicial review. The Court has nonetheless reviewed the 25-page R&R and finds it thorough, well-reasoned, and free of any clear error.

First, Judge Lehrburger found that Plaintiff "has established [Defendant's] breach of contract under New York law for failing to fulfill its obligation to honor the June 20, 2019 conversion request." (R&R (Dkt. No. 38) at 9) Judge Lehrburger states that "[t]he record indisputably establishes each of [the required] elements: the Note is a contract; [Plaintiff] submitted its conversion notice as required by the Note, and there is no suggestion that [Plaintiff] did not meet its own obligations; [Defendant] concedes its failure to honor the conversion request; and [Plaintiff] has not received the stock." (Id.) Defendant "admits each of [Plaintiff's] statements of material fact as to breach" and "does not make any argument" against breach in its opposition brief. (Id. at 9-10) Judge Lehrburger further found that Defendant "is liable for anticipatory breach of its obligation to honor conversion requests" by "announc[ing] that it will 'cease' honoring conversion requests under the Note." (Id. at 10)

Judge Lehrburger's findings are consistent with this Court's statement at the preliminary injunction hearing that the breach of contract "seems clear." (July 24, 2019 Tr. (Dkt. No. 21) at 14:4-5)

Defendant's brief does not contest its liability for these breaches, nor Plaintiff's calculation of $500,000 in damages. (Def. Br. (Dkt. No. 35) at 21) Both sides agree that the Note provides for an 18% default interest rate. (Pltf. R. 56.1 Stmt. (Dkt. No. 32) ¶ 27; Def. R. 56.1 Stmt. (Dkt. No. 36) ¶ 27) On this basis, Judge Lehrburger found that Plaintiff is entitled to

summary judgment on its breach of contract and anticipatory breach claims in the amounts asserted by Plaintiff. (R&R (Dkt. No. 38) at 10)

As to Plaintiff's request for injunctive relief, however, Judge Lehrburger found that Plaintiff has not "demonstrated that monetary damages are inadequate to remedy [Defendant's] breach or that it will suffer irreparable harm in the absence of injunctive relief." (Id. at 20)  In this regard, Judge Lehrburger points out that, in the Note, "the parties did not agree that a remedy at law, such as damages, necessarily would be an inadequate remedy; rather, they agreed only that it 'may be' inadequate." (Id. at 13-14)  Consistent with this Court's findings in denying the motion for a preliminary injunction, Judge Lehrburger concluded that "this contractual language is not dispositive" on the issue of injunctive relief. (Id. at 13)  Judge Lehrburger went on to find that, under the circumstances here, "damages can be readily determined." (Id. at 15)

Judge Lehrburger also noted that while "some courts have granted injunctive relief for non-delivery of convertible stock," injunctive relief has generally been awarded where a defendant is insolvent or on the brink of insolvency, and that Plaintiff had made no such showing here. (Id. at 16-17)  Nor had Plaintiff shown "that it could not have purchased shares of [Defendant's] stock on the open market or that it has been deprived of some other unique benefit . . . ." (Id. at 18)  Finally, Judge Lehrburger found that Defendant's stated intention to "not honor future conversion requests" did not warrant injunctive relief, because "the prospect of future lawsuits is far more speculative." (Id. at 20)

As to Defendant's counterclaim for breach of contract, Judge Lehrburger found that Defendant "has abandoned the claim" by "fail[ing] to respond in any substantive way to defend its counterclaim. . . ." (Id. at 24)

6

Based on the foregoing, Judge Lehrburger recommends that this Court: (1) grant Plaintiff's motion for summary judgment on its claims for breach of contract and anticipatory repudiation; (2) award Plaintiff damages in the amount of $500,000 plus 18% contractual interest; (3) grant Plaintiff's motion for summary judgment as to Defendant's counterclaim; and (4) deny Plaintiff's motion for summary judgment in all other respects. (Id. at 24-25) This Court agrees with all of Judge Lehrburger's findings and conclusions. Accordingly, Judge Lehrburger's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety. Plaintiff's motion for summary judgment as to its breach of contract and anticipatory repudiation claims is granted. Plaintiff's motion for summary judgment on Defendant's counterclaim is also granted. Plaintiff's motion for a permanent injunction is denied. Plaintiff is awarded $500,000 in damages plus 18% contractual interest. The Clerk of Court is directed to enter judgment, terminate the motions (Dkt. Nos. 29, 30), and close this case.

Dated: New York, New York
        January 8 , 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge

7