United States District Court
Southern District of New York
----------------------------------------------------------x

Alpha Capital Anstalt,

                Plaintiff,                19 CV 6199 (PGG)

    v.

Shiftpixy, Inc.,

                Defendant.

----------------------------------------------------------x

Memorandum Of Law Submitted By Alpha Capital Anstalt<br><u>In Support Of Its Motion For Reimbursement Of Its Legal Fees</u>

      This Memorandum of Law is submitted by Plaintiff Alpha Capital Anstalt ("Alpha Capital") in support of its motion for reimbursement of its legal fees in the amount of $95,486.45 for services rendered and to be rendered in connection with this motion for legal fees. The relevant facts of this matter have been set forth in the Affirmation of Kenneth A. Zitter served herewith and will not be repeated at length herein. Suffice it to say that the Alpha Capital sued to enforce its rights under a convertible note (the "Note") issued by Defendant Shiftpixy, Inc. ("SFTY") to Alpha Capital which contains a clear obligation on SFTY's part to reimburse Alpha Capital for all legal fees and expenses which it incurred in enforcing any of its rights under the Note.

## Argument

### Point 1

#### Alpha Capital Is Entitled To Recover its Legal Fees

Alpha Capital's contractual right to have SFTY reimburse its legal fees is clearly set forth in the Note. Zitter Affirmation, ¶5. The determination of a reasonable fee, however, falls within the district court's discretion. *Kortright Capital Partners LP v. Investcorp Inv. Advisers Ltd.*, 392 F. Supp. 3d 382, 406 (S.D.N.Y. 2019), appeal withdrawn, No. 19-2836, 2019 WL 6652238 (2d Cir. Sept. 23, 2019); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Winklevoss Capital Fund, LLC v. Shrem*, 360 F. Supp. 3d 251, 256 (S.D.N.Y. 2019) (explaining that "district courts are given 'broad discretion' in determining what is reasonable under the circumstances"); *Black v. Nunwood, Inc.*, 2015 WL 1958917 at *4 (S.D.N.Y. Apr. 30, 2015).

The Court seeks to determine the presumptively reasonable fee by multiplying the attorneys reasonable hourly rate by the number of hours reasonably worked. *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019); see also *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is calculated by multiplying each attorney's reasonable hourly rate by that attorney's number of hours reasonably worked. See id.

As set forth in *Mango*, above, to determine a reasonable hourly rate, courts may use their "considerable discretion" and weigh all case-specific variables, bearing in mind that a reasonable

paying client wishes to spend the minimum amount necessary. *Id.* Courts may also make "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [which may] include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005). *Arbor Hill* directs courts to presume that a reasonable, paying client would most likely hire "counsel whose rates are consistent with those charged locally," unless that client would have paid more for an out-of-district attorney. See *Arbor Hill*, 522 F.3d at 191.

In this case, the hourly rate of $700 for Kenneth Zitter and $350 for Lisa Hershman are certainly reasonable. They are the rates which Alpha Capital, in an arm's length relationship, both agreed to pay and paid. "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.' " *McLaughlin v. IDT Energy,* 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). Further, based upon the Court's own experience, the hourly rates charged, Alpha Capital respectfully submits, are very reasonable for attorneys practicing in New York City with the background and experience of the attorneys representing it.

Finally, with respect to the number of hours worked, all of the hours were reasonably necessary to perform all of the necessary services, including preparing pleadings and amended

3

pleadings, fully briefing two motions, including moving and reply memoranda of law - one for preliminary injunctive relief and one for summary judgment, preparing the moving and reply affidavits in connection with both motions, appearing in court, preparing discovery demands, preparing the Rule 56.1 Statement, reviewing documents and communicating with the Court, my clients and opposing counsel. The documents submitted to the Court went through numerous drafts before they were ready for submission to the Court (Zitter Affirmation, ¶6).

Thus both the hourly rates charged and the number of hours expended on this matter were both fair and reasonable, were in accordance with regular billing practices and yielded reasonable fees, given the nature of the issues and the experience and skill levels of the attorneys rendering the services.

## Conclusion

For the foregoing reasons, the Court should grant Alpha Capital judgment in the amount of $95,486.45 for legal services rendered and to be rendered in connection with Alpha Capital asserting it rights under the Note.

Law Offices of Kenneth A. Zitter

By _____
   Kenneth A. Zitter
Attorneys for Plaintiff Alpha Capital Anstalt
260 Madison Avenue, 18th Floor
New York, NY 10016
212-532-8000
KAZ-3195
